**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KURT JOHANSEN<br>Plaintiff,<br><br>vs.<br><br><br>MARK CURRAN, in his official capacity as SHERIFF OF LAKE COUNTY; DAVID WATHEN, in his official capacity;<br>LAKE COUNTY, ILLINOIS;<br>UNKNOWN CORRECTIONAL OFFICERS;<br>WEXFORD HEALTH SOURCES, INC.;<br>UNKNOWN EMPLOYEES OF WEXFORD HEALTH SOURCES, INC., in their individual and official capacities,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 14 CV<br><br>Judge<br><br><br><br><br><br><br><br><br><br>JURY DEMANDED |

**COMPLAINT**

NOW COMES the plaintiff, KURT JOHNASEN, by his attorneys, Brian Coffman, Coffman Law Offices, Mark F. Smolens, Law Office of Mark F. Smolens, and Richard R. Mottweiler, Mottweiler & Associates, and as his complaint against the defendants, states the following:

**Parties and Jurisdiction**

1. This action seeks damages under federal law, Title 42 U.S.C. §1983, for defendants' actions of March 2014 through April 2014 which violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. This action also seeks damages for claims arising under Illinois law.

2. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. Sections 1331 and 1343 and this Court's supplemental and ancillary jurisdiction under Title 28 U.S.C. Section 1367.

Venue in this District is predicated upon Title 28 U.S.C. Section 1391(b) as all events giving rise to the claims asserted herein took place within this Northern District of Illinois.

3. At all times material hereto, the Plaintiff Kurt Johansen was detained at the Lake County Jail in Waukegan, Illinois.

4. The Lake County Jail is operated by the Lake County Sheriff, Defendant Mark Curran.

5. Defendant Mark Curran, is the elected Lake County Sheriff and in that capacity serves as the chief administrator and final policy maker for the Lake County Sheriff's Department and the Lake County Jail. As such, at all times material hereto Curran acted under color of law and in the course and scope of his employment.

6. At all times relevant hereto, Defendant Curran promulgated rules, regulations, policies, and procedures as Sheriff of Lake County relating to the care and treatment of prisoners in the Lake County Jail, and relating to the provision of certain medical care by medical personnel and correctional officers, including administration of medication, to detainees at the Lake County Jail. Defendant Curran's policies were implemented by and through jail employees and contractors, including the individual Defendant Officers and individual Defendant Medical Care Providers.

7. At all times relevant to the events at issue in this case, Defendant Curran promulgated rules, regulations, policies, and procedures as Sheriff for the training, supervision, and discipline of correctional officers and medical personnel with respect to: (1) communicating or failing to communicate detainee requests for medication or medical attention to medical care personnel; (2) alerting or failing to alert medical care personnel to detainees' medical needs; and (3) providing or failing to provide medication or medical attention to detainees. Defendant Curran's policies were implemented by and through Jail employees and

contractors including the individual Defendant Officers and individual Defendant Medical Care Providers, who were responsible for the medical care of detainees at Lake County Jail.

8. Defendant Lake County, Illinois is a municipal entity organized under the laws of the State of Illinois. Lake County is joined pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

9. At all times relevant hereto, Defendant David Wathen was employed by the Lake County Sheriff's Department as the Superintendent of the Lake County Jail. He is being sued in his official capacity because he too was responsible for directing, implementing, and controlling certain policies and customs at the Lake County Jail challenged by this suit, as more fully alleged herein, that proximately caused various injuries to the Plaintiff, all of which took place in violation of Section 1983.

10. At all times relevant hereto, Defendant Unknown Correctional Officers, were at all times mentioned in this Complaint employed by and acted under the color of law as officers of the Lake County Sheriff's Department. They are sued in their individual capacities for violations of Plaintiff's constitutional rights.

11. Defendant Wexford Health Sources, Inc., a Pennsylvania corporation was at all times mentioned in this complaint, a contract provider of medical services to detainees at the Lake County Jail. Defendant Wexford Health Sources was responsible for providing all medical services to detainees, including but not limited to assessment of need for services, distribution of medication, provision of care and treatment services for all health care needs, as well as for the hiring, training, supervision and conduct of all health care providers at the Lake County Jail. At all relevant times Defendant Wexford Health Sources was acting under color of law, and its agents and employees were acting within the course and scope of their

employment.

12. At all times relevant hereto, Defendant Wexford Health Sources in its capacity as contractor to the Lake County Jail promulgated rules, regulations, policies, and procedures for the provision of certain medical care by medical personnel and correctional officers, including administration of medication, to detainees at the Lake County Jail. Defendant Wexford Health Sources' policies were implemented by and through those working at the Jail, including the individual Defendant Officers and individual Defendant Medical Care Providers, who were responsible for the medical care of detainees at Lake County Jail.

13. At all times relevant here to, Defendant Wexford Health Sources in its capacity as contractor to the Lake County Jail, promulgated rules, regulations, policies and procedures for the training, supervision, and discipline of correctional officers and medical personnel with respect to: (1) communicating or failing to communicate detainee requests for medication or medical attention to medical care personnel; (2) alerting or failing to alert medical care personnel to detainees' medical needs; and (3) providing or failing to provide medication or medical attention to detainees. Defendant Wexford Health Sources' policies were implemented by and through Jail employees and contractors, including the individual Defendant Officers and individual Defendant Medical Care Providers, who were responsible for the medical care of detainees at Lake County Jail.

14. At all times relevant here to, Defendant Unknown Employees of Wexford Health Sources ("Medical Care Providers") were employees of Wexford Health Sources and had the responsibility to provide evaluation, care, treatment and medication to detainees incarcerated at the Lake County Jail. They are sued in their individual capacities for violations of Plaintiff's constitutional rights.

## Factual Allegations

15. On March 19, 2014, Plaintiff Kurt Johansen was transported to the Lake County Jail from the McHenry County Jail.

16. At all times relevant hereto, Kurt Johansen suffered from sleep apnea, depression, anxiety and hypertension, and required medication to control his serious medical conditions.

17. Upon arrival to the Lake County Jail, detainees are supposed to undergo a medical intake screening, prior to being assigned to a housing unit.

18. Upon information and belief, on March 19, 2014, Kurt Johansen's medical intake screening was performed by a medical care provider employed by Wexford Health Sources, Inc.

19. During the medical intake screening, Kurt Johansen told the medical care provider, that he suffered from sleep apnea, depression, anxiety and hypertension.

20. During the medical intake screening, Kurt Johansen told the medical care provider the names and the dosage of his prescribed medications, the pharmacy where he normally filled his prescriptions, and told the medical care provider that the McHenry County Jail would be able to confirm the medications and dosages.

21. Plaintiff told the nurse that he had been prescribed Hydrochlorothiazide and Lisinopril for his hypertension, Citalopram, an antidepressant drug prescribed for depression, anxiety, and panic disorders, as well as a Xanax. Plaintiff informed the nurse that while at the McHenry County Jail, Xanax was not issued, so the medical staff substituted Hydroxyzine.

22. A patient who suddenly stops taking Citalopram may experience increased depression and thoughts of suicide.

23. On March 20, 2014 Kurt Johansen was transferred to a housing unit at the Lake County Jail.

24. For the next couple of days, Medical care providers came to the housing unit for the daily medication pass. Mr. Johansen inquired about his prescribed medications, but was not given any.

25. On March 25, 2014, Mr. Johansen was taken to the medical unit for a routine physical. Plaintiff informed the nurse that he needed his prescribed medications. The nurse informed Mr. Johansen that the psychiatrist would be in sometime that week to speak to him about getting his anti-depressant and anxiety medications.

26. Plaintiff was not seen by the psychiatrist during his detention at Lake County Jail.

27. On March 25, 2014, Mr. Johansen filed a grievance requesting his prescribed medications.

28. As a result of this grievance, Mr. Johansen was placed on suicide watch.

29. On March 28, 2014, Mr. Johansen was informed that the medical unit had confirmation of Plaintiff's prescriptions from the pharmacy "for a number of days."

30. Plaintiff was not given his antidepressant and/or his anxiety medications during his detention at the Lake County Jail.

31. Because Mr. Johansen was not given his medications, he began to experience extreme mood swings, heightened anxiety, and severe depression.

32. In the twenty three days that Mr. Johansen was detained at the Lake County Jail, he made thirteen verbal requests to medical personnel, multiple written requests, and filed a grievance requesting his medications.

33. None of the Defendants provided Mr. Johansen with or ensured that he was provided with his medications during the time that he was detained at the Lake County Jail.

34. Upon information and belief, Defendant Officers and Defendant Medical Care Providers were also on notice of Mr. Johansen's objectively serious need for medical attention though observation of his physical symptoms.

35. Despite their knowledge that Mr. Johansen needed medication for a serious medical condition, Defendant Officers and Defendant Medical Care Providers ignored Plaintiff's requests for his prescribed medications and did nothing to provide medication to Mr. Johansen.

36. By reason of the above described acts and omissions of the Defendants, Mr. Johansen was injured, suffered great mental and emotional pain and suffering, all to his damage.

37. The aforementioned acts of the Defendants were willful, wanton, malicious oppressive and done with reckless indifference and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages.

**Count I– 42 U.S.C. § 1983**
**Denial of Medical Care**

38. Each paragraph of this Complaint is incorporated as if restated fully herein.

39. As described more fully above, Defendants had notice of Kurt Johansen's medical need and the seriousness of his medical need, and yet, they failed and/or refused to obtain medical assistance for Plaintiff for an extended period of time, in violation of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

40. The misconduct described in this Count was undertaken under the color of law, was objectively unreasonable, and was undertaken with malice, willfulness, and/or deliberate indifference to Plaintiff's health and safety.

41. The misconduct described in this Count was undertaken under the color of law, was objectively unreasonable, and was undertaken with malice, willfulness, and/or deliberate indifference to Plaintiff's constitutional rights.

42. As a direct and proximate result of the Defendants misconduct described in this Count, Kurt Johansen's constitutional rights were violated and he was injured, experienced pain, suffering, and emotional distress and anguish.

**Count II- 42 U.S.C. § 1983**
**Failure to Intervene**

43. Each paragraph of this Complaint is incorporated as if restated fully herein.

44. As described more fully above, one or more Defendants had a reasonable opportunity to prevent the violation of Kurt Johansen's constitutional rights as set forth above had they been so inclined, but failed to do so.

45. The misconduct described in this Count was undertaken under the color of law, was objectively unreasonable, and was undertaken with malice, willfulness, and/or deliberate indifference to Plaintiff's health and safety.

46. The misconduct described in this Count was undertaken under the color of law, was objectively unreasonable, and was undertaken with malice, willfulness, and/or deliberate indifference to the rights of others.

47. As a direct and proximate result of the misconduct described in this Count, Kurt Johansen's constitutional rights were violated and he was injured, experienced pain, suffering, and emotional distress.

**Count III-42 U.S.C. §1983**
***Monell* Claim-Curran and Wathen**

48. Each paragraph of this Complaint is incorporated as if restated fully herein.

49. At all times relevant to this complaint, Defendant Unknown Correctional Officers and Unknown Employees of Wexford Health Sources were acting under the direction and control of Defendants Mark Curran, Sheriff of Lake County and David Wathen, Curran's designated head of the Lake County Jail.

50. Curran, as Sheriff of Lake County, and David Wathen, Curran's designated head of the Lake County Jail, were final decision makers with respect to policies and procedures to be carried out by those working at the Lake County Jail, including but not limited to defendant Unknown Correctional Officers and Unknown Employees of Wexford Health Sources.

51. Upon information and belief, Defendants Curran and Wathen had notice of a widespread practice by employees and contractors at the Lake County Jail under which detainees with serious medical conditions, such as Kurt Johansen, were routinely denied access to proper or sufficient medication or medical attention. It is common to observe detainees in Lake County Jail with clear symptoms of serious medical illness, injury, or conditions who frequently ask for medical care or to see a doctor, whose requests are routinely delayed or completely ignored.

52. Specifically, there exists a widespread practice at Lake County Jail under which Jail employees and contractors, including Unknown Correctional Officers and Unknown Employees of Wexford Health Sources, commonly fail or refuse to: (1) properly examine a detainee with a serious medical condition; (2) provide proper medication to a detainee with a serious medical condition; (3) respond to detainees who requested medical attention or medication or asked to see a doctor; or (4) respond to detainees who exhibited obvious signs of a serious medical condition or illness.

53. This widespread practice is allowed to flourish because Defendant Curran, as Sheriff, and Defendant Wathen, Curran's designated head of the Lake County Jail, directly encouraged and are thereby the moving force behind, the very type of misconduct at issue by failing to adequately train, supervise, and control Unknown Correctional Officers and Unknown Employees of Wexford Health Sources, and by failing to adequately punish and discipline prior instances of similar misconduct, thus directly encouraging future abuses such as those affecting Kurt Johansen. In this way, Defendants Curran and Wathen violated Kurt Johansen's rights by maintaining policies and practices that were the moving force driving the foregoing constitutional violations.

54. The above-described widespread practice, so well-settled as to constitute de facto policy in the Lake County Sheriff's Department, were able to exist and thrive because governmental policymakers with authority over the same, namely, Defendants Curran and Wathen acted with deliberate indifference to the problem, thereby effectively ratifying it.

55. Upon information and belief, Defendants Curran and Wathen in their roles as municipal policymakers are aware of (and condone and facilitate by their inaction) a "code of silence" among employees and contractors working in the Lake County Jail, including but not limited to defendant Unknown Correctional Officers and Unknown Employees of Wexford Health Sources by which such employees fail to report misconduct committed by others, such as the misconduct at issue in this case.

56. The foregoing acts, omissions, and systematic failures are customs and policies of the Lake County Sheriff's Department and, upon information and belief, caused individuals working in the Lake County Jail, including defendant Unknown Correctional Officers and Unknown Employees of Wexford Health Sources to believe that complaints related to medical needs

would not be honestly or properly investigated with the foreseeable result that such employees and contractors would be likely to fail to recognize the need for and fail to provide necessary medical treatment.

57. As a direct and proximate cause of the aforesaid acts, omissions, policies and customs of the Lake County Sheriff, Defendant Curran, and Defendant Wathen, Plaintiff was deprived of rights as guaranteed by the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

**Count IV 42 U.S.C. §1983**
***Monell* Claim-Wexford Health Sources**

58. Each paragraph of this Complaint is incorporated as if restated fully herein.

59. As described more fully above, Defendants Unknown Employees of Wexford Health Sources had notice of Kurt Johansen's medical need and the seriousness of his medical need, and yet, they failed to provide him with necessary medical attention.

60. At all times relevant to the events at issue in this case, Wexford Health Sources contracted with Lake County and the Lake County Sheriff's Department to provide health care to detainees incarcerated at the Lake County Jail, including Kurt Johansen. In such capacity, Defendant Wexford Health Sources acted under color of law and, as the provider of healthcare services to detainees incarcerated at the Lake County Jail, was responsible for the creation, implementation, oversight, and supervision of all policies and procedures followed by Wexford Health Sources employees who were medical care providers to detainees incarcerated at the Lake County Jail.

61. Kurt Johansen's injuries were proximately caused by policies and practices of Defendant Wexford Health Sources.

62. Defendant Wexford Health Sources had notice of a widespread practice by employees and contractors at the Lake County Jail under which detainees with serious medical conditions, such as Kurt Johansen, were routinely denied access to proper or sufficient medication or medical attention. It is common to observe detainees in Lake County Jail with clear symptoms of serious medical illness, injury, or conditions who frequently ask for medical care or to see a doctor, whose requests are routinely delayed or completely ignored.

63. Specifically, there exists a widespread practice at Lake County Jail under which medical personnel, commonly fail or refuse to: (1) properly examine a detainee with a serious medical condition; (2) provide proper medication to a detainee with a serious medical condition; (3) respond to detainees who requested medical attention or medication or asked to see a doctor; or (4) respond to detainees who exhibited obvious signs of a serious medical condition or illness.

64. This widespread practice is allowed to flourish because Defendant Wexford Health Sources, acting under color of law in its capacity as contractor to Lake County and the Lake County Sheriff's Department, through the Lake County Jail, directly encourage and is thereby the moving force behind, the very type of misconduct at issue by failing to adequately train, supervise, and control medical personnel, and by failing to adequately punish and discipline prior instances of similar misconduct, thus directly encouraging future abuses such as those affecting Kurt Johansen. In this way, Defendant Wexford Health Sources violated Kurt Johansen's rights by maintaining policies and practices that were the moving force driving the foregoing constitutional violations.

65. The above-described widespread practice, so well-settled as to constitute de facto policy within Defendant Wexford Health Sources, and was able to exist and thrive because

policymakers acting under color of law with authority over the same, namely, Defendant Wexford Health Sources, exhibited deliberate indifference to the problem, thereby effectively ratifying it.

66. Kurt Johansen's injuries were caused by employees and contractors of Lake County and the Lake County Sheriff's Department, including but not limited to the individually named Defendants, who acted pursuant to the policies and practices of Defendant Wexford Health Sources in engaging in the misconduct described in this Count.

**Count V-State Law**
**Intentional Infliction of Emotional Distress**

67. Each paragraph of this Complaint is incorporated as if restated fully herein.

68. The defendants, and each of them, individually and jointly, engaged in extreme and outrageous conduct as set forth in this Amended Complaint by, *inter alia*, by failing to respond to Kurt Johansen's serious medical needs, failing to provide Plaintiff with his prescribed antidepressant and/or his anxiety medications during his detention at the Lake County Jail and being deliberately indifferent to his physical and mental suffering.

69. Defendants intended by subjecting Plaintiff to such conduct to inflict severe emotional distress upon him, knowing that their conduct would cause Kurt Johansen to suffer from severe emotional distress.

70. As a direct and proximate result of Defendants' outrageous conduct, Plaintiff was injured and sustained actual damages.

WHEREFORE, plaintiffs respectfully request this Honorable Court to enter a judgment in his favor for compensatory damages against all Defendants for punitive damages against and that he be awarded his costs and a reasonable attorney fee pursuant to Title 28 U.S.C. § 1988 in addition to any other relief from this Court deemed just and proper.

Respectfully submitted,

One of the attorneys for plaintiff

BRIAN W. COFFMAN # 6285942
COFFMAN LAW OFFICES, P.C.
2615 N. Sheffield Avenue, Suite #1
Chicago, IL 60614
773-348-1295
bcoffmanlaw@gmail.com

MARK F. SMOLENS #6190482
LAW OFFICE OF MARK F. SMOLENS
1627 Colonial Parkway - Suite 301
Inverness, Il 60067
773 - 580-4982
ryansmolensjones@hotmail.com

RICHARD R. MOTTWEILER #3123509
NICOLE L. BARKOWSKI #6295834
MOTTWEILER & ASSOCIATES
1627 Colonial Parkway - Suite 301
Inverness, Il 60067
312-259-0234
tcblaw@aol.com