# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| KURT JOHANSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 15 C 2376 |
| | ) | |
| MARK CURRAN; DAVID WATHEN; | ) | |
| LAKE COUNTY, ILLINOIS; WEXFORD, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Now before the Court is the Motion to Dismiss [14] of Defendants Mark Curran, David Wathen, and Lake County, Illinois (collectively, the "Lake County Defendants") all claims against them in the Complaint [1] of Plaintiff Kurt Johansen. The Lake County Defendants assert that Johansen's Complaint fails to allege a cognizable claim against Curran or Wathen under 42 U.S.C. § 1983 (Count III), thereby defeating Johansen's indemnification claim against Lake County, as well as subject matter jurisdiction for his state law claim for intentional infliction of emotional distress against the Lake County Defendants (Count V). For the reasons in the Statement below, the motion is granted solely as to Count III of Johansen's Complaint, which is dismissed without prejudice. Johansen is granted twenty-eight (28) days from the entry of this Order to file an amended complaint consistent with this Order. Absent timely amendment, Count III will be dismissed with prejudice.

**STATEMENT**

"In reviewing the sufficiency of a complaint under the plausibility standard announced in *Twombly* and *Iqbal*, we accept the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Johansen's Complaint alleges that Curran (the Lake County Sheriff) and Wathen (Superintendent of the Lake County Jail) violated Johansen's Fourth, Eighth, and Fourteenth Amendment rights while Johansen was detained at the Lake County Jail for twenty-three days in March and April 2014. Specifically, Johansen alleges that these Defendants allowed their jail employees and contractors to fail or refuse to provide him medical attention and prescription medications, despite repeated requests for such assistance. Compl., Dkt. 1, ¶¶ 1-9, 30-35, 39. Also according to the Complaint, Defendant Wexford Health Sources, Inc. ("Wexford") was "a contract provider of medical services to detainees at the Lake County Jail" during Johansen's detention, and "Unknown Employees" of Wexford "had notice of Kurt Johansen's medical need and the seriousness of his medical need, and yet they failed to provide him with necessary medical attention." *Id.* at ¶¶ 11, 59.

Based on these allegations, Johansen's Complaint purports to assert the following claims: (1) under § 1983 for "Denial of Medical Care" against unspecified "Defendants" (Count I); (2) under § 1983 for "Failure to Intervene" also against

2

unspecified "Defendants" (Count II); (3) under § 1983 and *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978), against Curran and Wathen (Count III); (4) under § 1983 and *Monell* against Wexford (Count IV); and (5) under state law for "Intentional Infliction of Emotional Distress" against all Defendants "individually and jointly" (Count V). *See* Compl., Dkt. 1 at ¶¶ 38-70. The Complaint also asserts that Defendant Lake County "is joined pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003)," which acknowledges an Illinois county's obligation to indemnify its county officers. *See* Compl., Dkt. 1, at ¶ 8.

The Lake County Defendants now argue that, of all these claims, the only federal claim containing allegations against any Lake County official—Johansen's *Monell* claim against Curran and Wathen in Count III—is legally deficient due to its failure to allege adequately "a specific policy that affected him, or even reference a pattern or series of incidents from which a custom or practice can be inferred." Mem., Dkt. 15, at 5. And this deficiency of the only federal claim against the Lake County Defendants, they argue, also defeats not only Johansen's indemnification claim against Lake County for Curran and Wathen's § 1983 liability, but also supplemental jurisdiction under 28 U.S.C. § 1367 for Johansen's state law claim against the Lake County Defendants in Count V. The Court agrees that Count III lacks sufficient factual allegations of a policy or practice necessary to support a *Monell* claim against Curran and Wathen. The Court disagrees, however, that this deficiency defeats subject matter jurisdiction over Johansen's state law claim in Count V.

3

Count III alleges "a widespread practice at Lake County Jail under which Jail employees and contractors . . . commonly fail or refuse to: (1) properly examine a detainee with a serious medical condition; (2) provide proper medication to a detainee with a serious medical condition; (3) respond to detainees who requested medical attention or medication or asked to see a doctor; or (4) respond to detainees who exhibited obvious signs of a serious medical condition or illness." Compl., Dkt. 1, ¶ 2. But as the Lake County Defendants correctly contend, "Johansen only alleges his own incident, without reference to any other incident in which the purported policy or custom was followed." Mem., Dkt. 15, at 5. Nor does he allege factual content allowing the reasonable inference that Curran or Wathen established any aspect of the practice alleged. Instead, the Complaint asserts on "information and belief" that "Curran and Wathen had notice of a widespread practice" of denying Lake County Jail detainees with serious medical conditions "access to proper or sufficient medication or medical attention," and that this practice was "allowed to flourish" by Curran and Wathen "failing to adequately train, supervise, and control Unknown Correctional Officers and Unknown Employees of Wexford," and "failing to adequately punish and discipline prior instances of similar misconduct." Compl., Dkt. 1, ¶¶ 51, 53. Like the litany of "failing to" allegations rejected in *McCauley*, Johansen's allegations similarly lack factual content sufficient to infer that Curran or Wathen established a policy or practice that violated Johansen's constitutional rights.[1]

---

[1] *See McCauley*, 671 F.3d at 618, rejecting allegations of "failing to

4

Indeed, Johansen openly acknowledges that his allegations are "concededly non-specific" and "conclusory," yet insists that "even conclusory allegations about the existence of a policy at the heart of the *Monell* claim will suffice so long as they provide the municipal defendants with proper notice." Resp., Dkt. 17, at 5, 8 and n. 5. But Johansen's authority for this proposition, *Padilla v. City of Chi.*, No. 07 CV 5253, 2011 WL 3793413 (N.D. Ill. Aug 24, 2011), predates the Seventh Circuit's decision in *McCauley* holding that "conclusory allegations" of a "policy or practice" in support of a *Monell* claim "are not factual allegations and as such contribute nothing to the plausibility analysis under *Twombly/Iqbal*." *McCauley*, 671 F.3d at 617-18. While *Padilla* may suggest otherwise, this Court is bound by *McCauley*.

Similarly unavailing is Johansen's attempt to allege factual support for his *Monell* claim in his Response brief, including three additional "known cases of medical neglect about which his attorneys are aware." *See* Response, Dkt. 17, at 8-9. Specifically, Johansen alleges that a paralyzed detainee allegedly went untreated "for over 24 hours before being provided with medical attention"; that a detainee allegedly

---

adequate security"; "failing to promulgate any policy to ensure the prompt arrest of individuals guilty of violating protective orders"; "failing to timely arrest violators of protective orders"; failing to adequately train officers"; "failing to have safeguards in place"; "failing to have a custom, practice and policy in effect to verify whether someone who is arrested for domestic violence is on parole"; "failing to have a custom, practice and policy to communicate with state officials and law enforcement officials"; "failing to have a custom, practice and policy in effect in order to communicate with parole agents"; and "failing to have a custom, practice and policy in effect to verify whether an arrestee of a domestic violence offense is on parole prior to issuing an order of protection."

died "as the result of being improperly treated during a hunger strike"; and that an intoxicated detainee allegedly "received patently inadequate medical treatment" for a knee injury sustained while in custody. *Id.* But in addition to being absent from his Complaint, these allegations fail to elucidate any policy or practice led by Curran or Wathen (or otherwise) of depriving detainees of medications or medical assistance. Similarly, Johansen's further allegations (again in his Response, but not his Complaint) that "two separate outside medical providers (defendant Wexford Health Services, and its predecessor, Correct Care Solutions) have been removed from that capacity in the Lake County Jail due to known problems with performance," *id.* at 9, likewise fails to demonstrate any such policy or practice led by Curran or Wathen (or otherwise). On the contrary, if anything, this new allegation debunks the allegation in Johansen's Complaint that Lake County Jail officials failed "to adequately punish and discipline prior instances of similar misconduct." Compl., Dkt. 1, ¶ 53.

Johansen's *Monell* claim against Curran and Wathen in Count III is thus deficient on its face, which in turn scotches Johansen's indemnification claim against Lake County insofar as it is based on Curran and Wathen's § 1983 liability. Both of those claims are, therefore, dismissed without prejudice. *See*, *e.g.*, *Childress v. Walker*, 787 F.3d 433, 441 (7th Cir. 2015) (requiring dismissal without prejudice and leave to amend "at least once when there is a potentially curable problem with the complaint or other pleading" (quoting *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010)). Contrary to the Lake County Defendants' argument, however, it does not

6

follow that Johansen's state law claim against them (Count V) must also be dismissed merely because Johansen's remaining federal claims (Counts I, II, and IV) allege no "specific acts by either Curran or Wathen," and thus no claim against Lake County for indemnification. *See* Mem., Dkt. 15, at 2-3. While the Court agrees that Counts I and II likely fail to state a viable constitutional claim because they fail to allege that any Defendant was "personally involved in the alleged constitutional deprivation," *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014), no Defendant (including the Lake County Defendants) has moved to dismiss those claims. *See* Mem., Dkt. 15, at 2-3. Likewise, while Johansen's *Monell* claim against Wexford in Count IV likely fails for the same reasons his *Monell* claim in Count III fails against the Lake County Defendants, no Defendant (including the Lake County Defendants) has so argued.

Counts I, II, and IV thus remain in the case for jurisdictional purposes. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 681 (7th Cir. 2014) ("Even if the federal claim fails to state a cause of action, the district court retains jurisdiction to say so."). And, contrary to the Lake County Defendants' assumption, although not asserted against them, those claims establish the Court's federal subject matter jurisdiction, and its supplemental jurisdiction over Johansen's state law claim against the Lake County Defendants in Count V. *See Sanchez & Daniels v. Koresko*, 503 F.3d 610, 614 (7th Cir. 2007) ("the court has supplemental jurisdiction 'over all other claims that are . . . part of the same case or controversy' . . . even if those claims 'involve the joinder or intervention of additional parties'" (quoting 28 U.S.C. § 1367)(a)).

## CONCLUSION

For the foregoing reasons, the Court grants the Lake County Defendants' Motion to Dismiss [14] solely as to Count III of Johansen's Complaint [1], and that claim is dismissed without prejudice. Johansen is allowed twenty-eight (28) days from the entry of this Order to file an amended complaint consistent with this Order. Absent timely amendment, Count III will be dismissed with prejudice.

_____

Dated: August 20, 2015  Charles P. Kocoras
United States District Judge